# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRYAD PICTURES LLC, <br> Plaintiff, <br><br> v. <br><br> HIGHWAY BINGO PRODUCTIONS, INC., et al., <br> Defendants. | CV 18-8119 DSF (JCx) <br><br> Order DENYING Motion to Remand (Dkt. No. 14) |

This case was removed based on exclusive jurisdiction under § 301 of the Labor Management Relations Act (LMRA). Plaintiff now moves to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for October 22, 2018 is removed from the Court's calendar.

The Writers Guild of America, West, Inc. (Guild) is a labor organization consisting of employee-writers. Plaintiff is an employer who is party to a collective bargaining agreement (CBA) with the Guild. The CBA covers both employment services and the sale of literary material. Plaintiff and Defendants allegedly entered into an option and purchase agreement whereby Plaintiff agreed to pay Defendants for an option to purchase a screenplay written by Defendant Neil Tolkin, as well as Defendants' services on "polish" of the screenplay. The Guild eventually brought an arbitration action under the CBA procedures against Plaintiff for

payment under the CBA and the contract between the parties. Plaintiff then filed this declaratory relief action in state court seeking a declaration that no contract between the parties was formed because the contract was not fully executed by the parties and Plaintiff did not "approve the chain of title" for the screenplay. Defendants removed the case based on exclusive jurisdiction of the federal courts under § 301 of the LMRA.

> [The Ninth Circuit] has articulated a two-step inquiry to analyze § 301 preemption of state law claims. First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there. If the court determines that the right underlying the plaintiff's state law claim(s) exists independently of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement. Where there is such substantial dependence, the state law claim is preempted by § 301. If there is not, then the claim can proceed under state law.

Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032–33 (9th Cir. 2016) (internal citations and quotation marks omitted).

The asserted right – the formation of a contract for services and the sale of a literary product – is not uniquely created by the CBA. So then the question is whether the resolution of the case is "substantially dependent on analysis" of the CBA. Plaintiff believes that the case does not require interpretation of the CBA because it is a declaratory action regarding whether an agreement

was formed between Plaintiff and Defendants. Plaintiff implicitly assumes that the Guild CBA is irrelevant to this question, but Defendants point out several aspects of the CBA that, at least arguably, affect the formation of agreements between writers and employers that are parties to the CBA. Therefore, the CBA must be interpreted first to decide whether the CBA has any impact on the formation of contracts between employee-writers and employers, and, if so, the CBA must be interpreted to decide the ultimate question.

Given that resolution of the questions in this case require interpretation of the Guild CBA, the motion to remand is DENIED.

IT IS SO ORDERED.

Date: October 16, 2018

Dale S. Fischer
United States District Judge